UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| AML GROUP LIMITED, | No. C 13-01716 MMC (LB) |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTES IN ECF NOS. 63 AND 71** |
| v. | |
| MCCRANE INC ET AL, | |
| Defendants. | |

## INTRODUCTION

This case involves a contract dispute between Plaintiff AML Group, a Hong Kong manufacturer of gloves, and Defendant McCrane d/b/a Harbinger, which brands and sells the gloves. There are two letter briefs with disputes: a joint letter brief about the sufficiency of AML's responses to Harbinger's discovery requests (ECF No. 63) and a letter brief filed only by Harbinger about payment of expert fees (ECF No. 71). The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b) and rules as follows.

## ANALYSIS

**I. JOINT LETTER BRIEF AT ECF NO. 63**

There are four issues: (A) the timeliness of Harbinger's motion to compel; (B) the sufficiency of AML's responses to Harbinger's interrogatories; (C) Harbinger's demand for inspection of the gloves; and (D) AML's responses to Harbinger's request for documents.

**A. Timeliness**

The parties' joint letter brief describes the time line regarding Harbinger's service of its discovery requests, its agreement to an extension of time for AML to respond (which took the discovery past the fact discovery cut-off), Harbinger's notice three days later that the responses were deficient and that the parties would need to meet and confer, and the interplay with settlement negotiations. Under the circumstances of this time line, including the stipulated extension of time for AML's responses, the court finds good cause regarding the filing of the motion to compel more than seven days after the close of fact discovery (the ordinary time for filing under Civil Local Rule 37-3). As described below, AML did not answer the discovery requests at all (instead objecting on procedural and definitional grounds) and cannot use the timing (given the extension it received) to avoid answering the requests.

**B. Responses to Interrogatories**

AML generally objects that the interrogatories are overly compound and therefore exceed the 25 written interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). It does not describe in the letter brief how they are compound. There are six interrogatories. They involve three questions about 2 exhibits (Exhibits 45 and 46). The two exhibits apparently are lists of purchase orders, and each exhibit has "more than 25" purchase orders, which apparently is the basis for AML's assertion that Harbinger exceeded the 25 interrogatory limit. *See* Joint Letter Brief, ECF No. 63 at 3. For each of the two exhibits, the interrogatories ask the date that the gloves were reading to ship to Harbinger, the date they were manufactured, and where they are located now. *See* Interrogatories 1-2 (ship date for purchase orders in exhibits 46 and 45), 3-4 (manufacture dates for purchase orders in exhibits 46 and 45), and 5-6 (current location of gloves in purchase orders in exhibits 46 and 45). *See* ECF No. 63-1.

The interrogatories are not compound. For example, interrogatory number 1 asks for the date that the purchase orders identified on exhibit number 46 were ready to ship. The question itself is not compound. AML apparently asserts that the interrogatory is compound because there are over 25 purchase orders on the exhibit. That does not make the question compound. As Harbinger points out, the primary question relates to all purchase orders. Asking about the shipping dates for

different shipments does not add subparts to the primary question. *Cf. Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005) ("once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.").

AML also challenges Harbinger's definitions in the interrogatories regarding "manufacture" and "ready to ship." The basis for the objection is that the parties are disputing what "saleable" (a word within both definitions) means, and AML asserts that the term is subjective.

Harbinger at least proposes definitions and now has narrowed its definitions. *See* Joint Letter Brief, ECF No. 63 at 4. AML has not proposed definitions and only objected to them. These are short interrogatories designed to elicit information about purchase orders for the gloves that are the basis for AML's claims against Harbinger. Harbinger's definitions are not difficult to understand. There are purchase orders, Harbinger is entitled to ask questions about the topics in the interrogatories (ready-to-ship date, manufacture dates, and current location), and AML should answer with the facts as best as it can given whatever the circumstances are about the shipments. So far, AML has not answered the interrogatories at all. It must do so by June 23, 2014, absent further order of the court or stipulation of the parties.

. **B. Demand for Inspection of Gloves**

Harbinger wants to inspect and photograph the gloves that gave rise to Plaintiffs' claims. Demand For Inspection, ECF No. 63-2. AML will allow an inspection of the gloves if Harbinger provides a protocol. *See* Joint Letter Brief, ECF No. 63 at 5. Harbinger proposed one in the letter brief and says that AML has not responded to it. *Id.* at 6. AML objects in the letter brief to some portions of the protocol: (1) it is not possible to inspect 250,000 pairs of gloves in different facilities in China and Sri Lanka;(2) Harbinger's proposing dates in "mid-June to mid-July" is not specific enough; (3) Harbinger should not be able to "touch and manipulate" gloves because it is unnecessary, and opening packaging increases time and risks damage; and (4) Harbinger has not listed who will come into AML facilities (and has not said why Steve Ward from Harbinger ought to be part of the inspection team). *Id.* at 5.

As to 1, the court agrees that inspecting 250,000 pairs of gloves is not reasonable but cannot

problem solve the issue on this record.  AML knows how the gloves are stored (and answering the interrogatories is a good first step to providing transparency to Harbinger and the court).  It should propose a plan for a fair inspection of the gloves and provide that plan to Harbinger no later than June 23, 2014, absent further order of the court or stipulation of the parties.  Perhaps there is a way to view a fair representation of gloves.  Perhaps there is a way to give visual insight to Harbinger about the storage facilities.  Perhaps a hybrid proposal is possible with some direct inspection and some inspection by a third-party auditor.  And again, perhaps the answer to the interrogatories will help evaluate what inspection is possible given how close the case is to trial.  After AML proposes its reasonable inspection plan, then the parties must talk by telephone within 3 business days absent a further order of the court or stipulation of the parties.  If they cannot agree on an inspection plan, they must present their differences in a joint letter brief to the court and include details of their specific proposals.

As to 2, the parties need to talk in person on the telephone with their calendars and agree on dates..

As to 3, Harbinger said that it wanted to open boxes to look at gloves and wanted to be able to handle the gloves in the retail package without damaging the packaging.  It did not say it would open retail packaging.   This does not seem unreasonable on this record.  AML ought to be able to propose as part of its inspection plan a reasonable approach to looking at the gloves.

As to 4, within three business days, Harbinger must provide a list of who it wants to attend the inspection.  If AML has an objection to someone, it should say why.  Harbinger asserts that Steve Ward is a critical decision maker, and if that is so, on this record, there is no basis to exclude his participation.

**C.  Documents Showing the Shipping and Manufacture Dates**

The document requests are for the underlying documents with the information about "ready to ship" and manufacture dates in Exhibits 45 and 46.  *See* ECF No. 63-3.  Thus, they are the documents that support the answers to Interrogatories 1 through 4. AML objects to the definitions of "manufactured" and "ready to ship" for the reasons described above.  For the same reasons it is entitled to responses to the interrogatories, Harbinger is entitled to the documents.  These are records

about the gloves at issue in the litigation.

## II. PAYMENT OF EXPERT FEES

On Friday, June 13, 2014, Harbinger filed a letter brief about payment of expert fees. *See* ECF No. 71. An expert deposition occurred on Wednesday, June 11, 2014, and three more are slated to go forward starting on Monday, June 16, 2014. *Id.* at 1. They are Harbinger's experts, and they live outside of California. *Id.* AML noticed the depositions at its offices. On June 10, 2014, Harbinger's lawyer contacted AML's lawyer in an effort to reach an agreement about expert fees under Rule 26(b)(4)(E) because it was his experience that fee agreements for experts are commonly reached before depositions. *Id.* AML's lawyer said that he would take it under advisement. *Id.* Harbinger's lawyer raised the issue again during the June 11 deposition, and AML apparently said that it would not reach any agreement before the depositions. *Id.* Harbinger submitted a solo brief because it did not want to pay the $30,000 in travel time and deposition time for experts that AML is deposing for its own benefit. *Id.* at 2. AML's counsel apparently was not available because he was filing AML's reply in support of its summary judgment motion. *See* 6/14/14 email (2:52 p.m. email from AML's counsel), ECF No. 71-2.

As set forth in the undersigned's standing order, disputes must be raised in a joint letter brief (or sometimes, with real-time disputes such as those in a deposition, by a joint telephone call). For that reason, the court denies without prejudice Harbinger's letter. That being said, unless manifest injustice would result, the court will require AML (the party seeking discovery) to pay the expert a reasonable fee for time spent in responding to discovery. *See* Fed. R. Civ. P. 26(b)(4). The rule does not require that the fee be tendered in advance. Still, "[t]he better practice . . . is to attempt to negotiate an agreement on such reasonable fees in advance . . . ." William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 11:458.1 (The Rutter Group 2013).

In Harbinger's letter brief, it refers to AML's objections to negotiating fees now, including its possible motions to disqualify experts as duplicative or unqualified. Obviously the court cannot rule on these issues without AML's actual arguments, and some of the issues are for the district court to decide before the court can address any fee disputes that turns on disqualification of the experts.

That being said, it is not that far from trial, and it might be that the parties' interests would be better served by having the expert depositions now and negotiating the fees in furtherance of that objective).

## CONCLUSION

The court grants Harbinger's discovery requests in ECF No. 63 and denies its request in ECF No. 71. This disposes of ECF Nos. 63 and 71.

**IT IS SO ORDERED.**

Dated: June 15, 2014

_____
LAUREL BEELER
United States Magistrate Judge